UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:22-CV-00669-JHM**

**RYAN LEE JOHNSON**                                                                                      **PLAINTIFF**

v.

**SCOTT KING,** *et al.*                                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ryan Lee Johnson filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I.**

On December 19, 2022, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DN 1]. Plaintiff is a convicted inmate at the Kentucky State Reformatory ("KSR"). [*Id.*]. Plaintiff sues the following Defendants in their official capacities: Aramark employees Scott King and Martha Dilmaghami, Deputy Warden Philp Cambell, Warden Anna Valantine, and the Kentucky Department of Corrections ("KDOC"). [*Id.*].

Plaintiff states that he is suing Aramark, the food provider at KSR, "for a malnutrition dite" and Defendants "for discrimination kicking me out of the Kosher kitchen cuz I am a Jew and putting a non Jew back in the Kosher kitchen when only Jews should be making Jewish food." [*Id.* at 4]. Plaintiff also complains that he needs meat in his diet and not just soy. [*Id.*]. Plaintiff maintains that due to these matters, he believes it should be a policy that only Jews work in Kosher

kitchens if a Jew is available. [*Id.*]. Plaintiff seeks injunctive relief requiring the provision of meat on a Kosher diet and "have Jews work in Kosher kitchen." [*Id.* at 5].

II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Kosher Diet and Meal Preparation**

Plaintiff essentially alleges that KSR kitchen staff, KSR and KDOC administrators, and Aramark fail to follow Kosher food preparation guidelines and fail to provide Kosher meat, instead of a soy substitute. The Court construes the complaint as alleging claims for violation of the First Amendment's Free Exercise Clause and a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

**B. Claims against King and Dilmaghami**

Plaintiff sues King and Dilmaghami in their official capacities only. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against these Defendants are actually brought against their employer, Aramark. *See Johnson v. Aramark*, No. 3:11CV-P517-M, 2012 WL 219503, at *2 (W.D. Ky. Jan. 25, 2012) ("Plaintiff's official-capacity claims against Defendants Geddes and Resnic are, therefore, actually claims against Aramark."), *aff'd*, 482 F. App'x 992 (6th Cir. 2012); *Bailey v. Aramark Corp.*, No.

4:16CV-P165-JHM, 2018 WL 2072865, at *5 (W.D. Ky. May 3, 2018). For this reason, the claims against King and Dilmaghami will be dismissed, and the Court will direct the Clerk to add Aramark as a Defendant in the docket sheet.

### C. Claims against KDOC

The Kentucky Department of Corrections is as an agency of the Commonwealth of Kentucky, and the Kentucky State Reformatory is part of the KDOC. *See* KRS § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, Plaintiff's claims against the KDOC must be dismissed.

### D. Claims against Cambell and Valantine

The Court will, however, <u>allow Plaintiff's official-capacity claims for injunctive relief to proceed against Defendants Warden Valantine and Deputy Warden Cambell under the *Ex Parte Young* exception to sovereign immunity</u>. *See Ex Parte Young*, 209 U.S. 123, 159–160 (1908) (holding that Eleventh Amendment immunity does not bar injunctive relief against a state official).

In doing so, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### E. Claims against Aramark

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to Aramark, the Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Aramark. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citing *Monell*, 436 U.S. at 691).

Upon review, the Court will <u>allow Plaintiff's claims that Aramark violated his rights under the First Amendment and RLUIPA to proceed</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) Plaintiff's claims against Defendants King and Dilmaghami in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) Plaintiff's claims against Defendant Kentucky Department of Corrections are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief can be granted and because this state agency is immune from suit.

(3) The Clerk of Court is **DIRECTED** to terminate Defendants King and Dilmaghami as parties to this action and to add Aramark as a defendant.

(4) The Court will enter a separate Order regarding service to govern the continuing claims.

Date: June 15, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant Aramark
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014